IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY FOUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | )   Cause No. 3:17-cv-00489-SMY-RJD |
| | ) |
| Defendant. | ) |

**UNION PACIFIC RAILROAD COMPANY'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO
QUASH, OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Comes now defendant, Union Pacific Railroad Company, by its attorneys, Thompson Coburn, LLP, for its Response in Opposition to Plaintiff's Motion to Quash, or in the Alternative, for Protective Order, states as follows:

1.  On May 24, 2018, Defendant served a subpoena on third-party AT&T for records of Plaintiff's phone calls and text messages for a period of three (3) days – April 2, 2015 to April 4, 2015. (*See Subpoena attached hereto and marked as Exhibit A*).

2.  Plaintiff filed a Motion to Quash, or in the Alternative, For Protective Order claiming the subpoena seeks information that is not relevant, harassing, and an invasion of privacy. Plaintiff further claims that there is no allegation that Plaintiff was on his cell phone anytime around the injury.

3.  To the contrary, Plaintiff testified at his deposition that he made calls after his alleged injury. Plaintiff testified he called his wife twice the next morning when he had spasms in his back. (*See Transcript of Troy Foust's Deposition, pgs. 162:14-163:3; 164:2-23, attached hereto as Exhibit B*). Plaintiff testified he next called Ulysses Evans, his "sponsor" and friend

about what to do with regard to taking himself out of service because of his back. (*See Exhibit B, pgs. 165:7-22*). Mr. Evans instructed him to call Dave Grimes, their local chairman, and Plaintiff testified he called Mr. Grimes. (*See Id.*) Then he called Glen Davis. (*See Exhibit B, pg. 166:12-15*). Plaintiff does not recall if he called his wife a third time during this period. (*See Exhibit B, pg. 166:17-19*). He also does not recall if he had phone conversations with Mr. Davis once or twice. (*See Exhibit B, pg. 169:9-15*). Plaintiff does not remember what time he made these calls. (*See Exhibit B, pgs. 159:11-18; 162:2-6; 167:14-22*). Plaintiff even admitted that his cell phone records would reflect what time he made these calls and who he called as he had not printed the records himself. (*See Exhibit B, pg. 167:4-10*).

4. Plaintiff alleges he injured his spine when he was attempting to secure the door of a locomotive engine on April 3, 2015. (*See* Doc. 1, par. 4). When asked if he had to call somebody and let them know that he was not able to secure the door, Plaintiff responded "I don't think so, no." (*See Exhibit B, pg. 146:21-24*).

5. Plaintiff's phone records are relevant because he does not recall who he called or when he called them after the accident. In this case, Defendant believes that Plaintiff contacted individuals before and after the incident to discuss matters relevant to this case. Plaintiff's cell phone records are probative of whether he communicated with others regarding the locomotive door prior to the incident. Plaintiff's cell phone records are also probative of whether he communicated with others regarding his alleged injury or the incident after the incident. Defendant requires these records to identify potential witnesses and to conduct further discovery. Also, these records will confirm or refute Plaintiff's version of events regarding his alleged back injury and are directly probative of his credibility. Therefore, Plaintiff's cell phone records are logically and legally relevant to material issues in the case.

6.  Plaintiff claims that collection of his cell phone records is an invasion of privacy. However, Plaintiff does not have a reasonable expectation of privacy that his cell phone records will not be disclosed to other citizens by subpoena in a civil case. Moreover, Plaintiff has cited no authority that his cell phone records are protected information and are not subject to discovery.

7.  In *United States v. Ruby*, No. 3:12-cr-01073 WQH, 2013 WL 544888, at *3-6 (S.D. Cal. Feb. 12, 2013), the court considered whether a criminal defendant had a reasonable expectation of privacy in cell phone records showing the cell site and cell sector activations. The court found that historical cell site location records are business records of the cell service provider and not entitled to protection under the Fourth Amendment. *Ruby*, 2013 WL 544888 at *6. These are third party business records created and maintained by the cell service provider that are derived from information voluntarily conveyed to the cellular phone provider and therefore no reasonable expectation of privacy exists. *Id.*; *see also Smith v. Maryland*, 442 U.S. 735, 742 (1979) (rejecting defendant's claim that he had a legitimate expectation of privacy regarding the numbers he dialed on his phone); *United States v. Miller*, 425 U.S. 435, 443 (1976) (individual does not have a legitimate expectation of privacy in information revealed to a third party, even if it is assumed the information will be used for a limited purpose); *see also United States v. Reed*, 575 F.3d 900, 914-15 (9th Cir. 2009) (there is no expectation of privacy in call origination, length and time of call because no content information is involved); *Mintz v. Mark Bartelstein & Assocs. Inc.*, 885 F.Supp.2d 987, 1000 (C.D. Cal. Aug. 14, 2012) (disclosure of telephone numbers, cell site information, date, time and duration of calls does not represent a significant intrusion of privacy). The records sought in this instance are third party business records which do not contain any content information.

8.  In this case, the records requested are third party business records that are derived from information voluntarily conveyed to the cell phone provider. The requested information does not contain the content of any of the calls or text messages, but merely the phone numbers and amount of time that Plaintiff spent using his cell phone. (*See Example attached hereto and marked as Exhibit C*). Therefore, production of the records is not an invasion of privacy.

9.  Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." *See Hespe v. City of Chicago*, 2016 WL 7240754 (N.D. Ill. 2016).

10. Rule 26(b)(1) gives the district courts broad discretion in matters relating to discovery. *Brown-Bey v. United States*, 720 F.2d 467, 470-471 (7th Cir. 1983). The federal rules are to be construed broadly and liberally. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). The party opposing discovery has the burden of proving that the requested discovery should be disallowed. *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999); *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.*, 132 F.R.D. 204, 207 (N.D. Ind. 1990).

11. Cell phone records have been admitted in several Illinois and federal cases as evidence and have been held to not be private information. *See Hiscott v. Peters*, 324 Ill.App.3d 114, 124-25, 754 N.E.2d 839, 849 (Ill. App. Ct. 2d Dist. 2001) (evidence of party's cell phone billing records, which showed he used his telephone on the day of the accident, was sufficiently

relevant to be admitted in personal injury action); *Busse v. Motorola*, 351 Ill.App.3d 67, 72, 813 N.E.2d 1013, 1018 (Ill. App. Ct. 1st Dist. 2004) (personal information furnished by cellular phone customers, including names, telephone numbers, addresses, and social security numbers, were not "private facts" for purposes of customers' action against cellular phone entities for invasion of privacy by intrusion upon seclusion); *Powell v. United Parcel Service, Inc.*, 2011 WL 124600 at*2-3 (S.D. Ind. 2011) (plaintiff's cell phone records were discoverable because they were relevant to material issues in the case).

12.   Finally, Defendant does not take the position that cellphone records are undiscoverable. Defendant conveyed to Plaintiff's counsel that if he wanted cellphone records of Defendant's employees, he should subpoena them like Defendant has.

13.   Defendant is entitled to conduct discovery on these records and its subpoena in this regard is neither burdensome nor oppressive.

Respectfully submitted,

*/s/ signature*

Thomas E. Jones, #3123230
Michael W. Vogel, #6314202
525 West Main Street, Suite 300
Belleville, Illinois 62220-1534
618-277-4700 / FAX 618-236-3434
tjones@thompsoncoburn.com
mvogel@thompsoncoburn.com
Attorneys for Defendant

OF COUNSEL
THOMPSON COBURN LLP

## Certificate of Service

I hereby certify that on this 19th day of July, 2018, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon plaintiff's attorney:

Eric Holland
Seth Crompton
Holland Law Firm
300 North Tucker Boulevard, Suite 801
St. Louis, MO 63101
eholland@allfela.com
scrompton@allfela.com